IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-246-F

| | |
|---|---|
| LORENZO RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| LARRY RICHARDSON and ) | |
| DEBORAH RICHARDSON, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Lorenzo Richardson ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

### ORDER ON *IN FORMA PAUPERIS* APPLICATION

The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs. His application to proceed *in forma pauperis* is therefore ALLOWED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

The court accordingly turns to its frivolity review. Based on this review, it will be recommended that this case be DISMISSED for the reasons stated below.

**I.    Background**

Plaintiff's complaint consists of three documents. The first is a three-page complaint form completed in handwriting asserting allegations against defendants, Larry Richardson and Deborah Richardson. (Compl. (D.E. 1-1 at 1-3)). In it, plaintiff alleges that the case concerns:

> A factual, not theoretical or figurative political dissent agenda to suppress my pursuit of independance while maliciously & illegally defaming me as "paranoid" to conceal the respondent's traitorous involvement with the governmental sabotage. They [*i.e.*, defendants] have willfully fabricated & published slanderous lies within several involuntary committment petitions to vindictively hospitalized me to divert revelations of their criminal guilt. The respondent's have deliberately committed fraud, perjury, filing false reports, a conspiracy, psychological infringements, reputation & property damage, etc.

(Compl. 2) (misspellings in original).

The second document is a two-page typewritten statement bearing the case caption asserting similar allegations against defendants. (*Id.* at 4-5). It alleges, for example:

> The indentured respondents LARRY & DEBORAH RICHARDSON obliviously serving a colonial corporation while domiciling within a[n] enslaving democracy are guilty of several despicable, infringing crimes consisting of psychological violations, insane noise disturbances (to provide irritability correlating with "gaslighting"), property damage, etc. Due to the slanderous weakness of the reprehensible parties, I was unlawfully confined to eugenics, hospital experiments on four separate (disgusting) occasions to undergo governmental programming & poisoning via mind altering chemicals known as prescription drugs.

(*Id.* at 4).

The third document is a two-page typewritten statement entitled "Article Excerpts Regarding Illegal Gov't Tactics." (*Id.* at 6-7). It discusses alleged efforts to bring about "a New World Order society of willing and obedient slaves who are not aware that they are slaves to a controlling elite." (*Id.* at 6).

Plaintiff seeks monetary compensation from defendants; injunctive relief barring them "from defaming me, snitching to the government & sabotaging my liberations through unlawful involuntary committment [*sic*] petitions used to control & enslave my mind, body & soul;" and all other relief available to him "as a matter of law & justice." (*Id.* at 3, 5).

**II. Discussion**

    **A. Legal Standards Applicable to Plaintiff's Complaint**

The court must dismiss a case brought *in forma pauperis* if the court determines that it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual

enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction, which requires that the

citizenship of the plaintiffs be different from that of the defendants. *Id*. § 1332; s*ee Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

### B. Analysis of Plaintiff's Complaint

After careful review, the court finds that the complaint fails to show that the court has federal question jurisdiction, diversity jurisdiction, or subject matter jurisdiction over this case on some other grounds.

As to federal question jurisdiction, while the complaint cites to 28 U.S.C. § 1331 (Compl. 2), it identifies no federal statute or other provision of federal law establishing any right of action of the type it appears to be asserting. The court has considered whether the complaint otherwise alleges claims that arise under the Constitution, laws, or treaties of the United States and finds that it does not. At most, the complaint can be read to allege only state law tort claims, such as slander, defamation, fraud, and false imprisonment, relating to plaintiff's alleged involuntary commitment.

With respect to diversity jurisdiction, the complaint alleges the same address in Raleigh, North Carolina for both plaintiff and defendants. (Compl. 1). The complaint therefore fails to satisfy the requirement for diversity jurisdiction that no plaintiff be a citizen of the same state as any defendant. *See, e.g., Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998); *see also Eastport Ventures, Ltd. v. Kariman*, No. 1:06CV1177, 2007 WL 783028, at \*4 (E.D. Va. 13 March 2007) (a party is deemed a citizen of the state in which he is domiciled).

The court has considered whether other bases for jurisdiction exist and finds that there are none. The complaint therefore fails to establish that this court has subject matter jurisdiction over this case, and it should be dismissed.[1]

### III. Conclusion

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 30th day of July 2012.

_____
James E. Gates
United States Magistrate Judge

---

[1] Given the recommendation that the case be dismissed on jurisdictional grounds, the court declines to address whether the claims purportedly asserted in the complaint are frivolous in nature.